**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 20 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 25-245 |
| Plaintiff - Appellee, | D.C. No. 3:13-cr-00092-RRB-2 |
| v. | |
| PHOSAVAN KHAMNIVONG, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Alaska
Ralph R. Beistline, District Judge, Presiding

Submitted April 17, 2026**
Portland, Oregon

Before: OWENS, VANDYKE, and SUNG, Circuit Judges.

Defendant Phosavan Khamnivong appeals the district court's denial of his

28 U.S.C. § 2255 motion to vacate his convictions and sentence for drug

trafficking, kidnapping, and firearms offenses. On appeal, he argues that the

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

district court judge, Judge Ralph Beistline, abused his discretion when he declined to recuse himself from Defendant's trial, resentencing, and habeas proceedings based on Judge Beistline's undisclosed personal relationship with a witness in the case. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742. We affirm.

"We review de novo a district court's denial of relief to a federal prisoner under 28 U.S.C. § 2255." *United States v. Swisher*, 811 F.3d 299, 306 (9th Cir. 2016) (en banc). We review a judge's decision not to recuse himself for abuse of discretion. *United States v. McTiernan*, 695 F.3d 882, 891 (9th Cir. 2012).

To determine whether Judge Beistline had a duty to recuse under 28 U.S.C. § 455(a), we evaluate "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *United States v. Holland*, 519 F.3d 909, 913 (9th Cir. 2008) (citation omitted). Conducting "an independent examination of the unique facts and circumstances" present here, *id.* (citation omitted), Judge Beistline properly exercised his discretion in determining that a reasonable person would conclude that his minimal contacts with the witness would not jeopardize his impartiality. He therefore did not abuse his discretion when he declined to recuse himself from Defendant's criminal proceedings. Because there was no failure to recuse, Judge Beistline did

not err when he determined that Defendant's conviction and sentence were not imposed in violation of federal law. *See* 28 U.S.C. § 2255(a).

**AFFIRMED.**